**FIFTH THIRD BANK et al., Trustees, Appellants,**

v.

**SIMPSON et al., Appellees.**

[Cite as *Fifth Third Bank v. Simpson* (1999), 134 Ohio App.3d 71.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–980703.

Decided June 25, 1999.

*Graydon, Head & Ritchey, Stephen L. Black* and *Rhonda Y. Moore,* for appellants.

*M. Freeman Durham,* for appellee Orville Simpson II.

*David W. Leahr,* guardian *ad litem,* for appellee Lowe Simpson, Jr.

GORMAN, Judge.

Plaintiffs-appellants, Fifth Third Bank and Nelson Schwab, Jr., trustees of a trust established under the 1957 will of Lowe E. Simpson, appeal from the probate court's refusal to amend the terms of the trust. The appellees, the three sons of the settlor, in these unusual circumstances, join the trustees in requesting reversal. The principal issue is whether the probate court abused its discretion by denying the unopposed request to give two of the settlor's sons a special testamentary power of appointment. Because the probate court did not act arbitrarily, unconscionably, or unreasonably in exercising its discretion, the appeal must fail.

In their complaint for declaratory relief to reform the trust agreement, the trustees, with the approval of the other family members, wanted special testamentary powers of appointment given to Orville Simpson II, age seventy-five, and Jeremy F. Simpson, age sixty-six, both unmarried and without issue. These powers, which would have allowed each individual to appoint half of the trust estate to the lineal descendants of their grandparents or to qualified charities, were sought to minimize the taxes on assets passing under the trust. Without special powers of appointment, the trust property remains in Orville and Jeremy's gross estates and could be subject to combined federal and Ohio estate taxes in excess of fifty-five percent. See Section 2041 of the Internal Revenue Code (Section 2041, Title 26, U.S. Code).

 The standard of review applicable to claims for equitable relief is abuse of discretion. See *Sandusky Properties v. Aveni* (1984), 15 Ohio St.3d 273, 274–275, 15 OBR 408, 408–410, 473 N.E.2d 798, 800. This court must determine whether the probate court, sitting as a court of equity, abused its discretion in denying the reformation. Abuse of discretion implies not merely an error of judgment, but a result that is so palpably and grossly violative of fact and logic that it evinces a perversity of will, passion, prejudice, partiality, or moral delinquency. See *State v. Jenkins* (1984), 15 Ohio St.3d 164, 15 OBR 311, 473 N.E.2d 264. To abuse its discretion, a court must have acted unreasonably, arbitrarily, or unconscionably. *Huffman v. Hair Surgeon, Inc.* (1985), 19 Ohio St.3d 83, 87, 19 OBR 123, 126–127, 482 N.E.2d 1248, 1252. Absent evidence of such action, we will not disturb the trial court's decision, even if we would have reached a different result. See *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.* (1990), 50 Ohio St.3d 157, 161, 553 N.E.2d 597, 601.

 This court has noted that a settlor's intent would normally be to minimize tax liability. See *Wittenberg Univ. v. Waterworth* (1984), 13 Ohio App.3d 452, 455, 13 OBR 542, 545–546, 469 N.E.2d 970, 972. Nonetheless, the

Ohio Supreme Court has admonished that "[w]hen construing provisions of a trust, [a court's] primary duty is to 'ascertain, within the bounds of the law, the intent of the * * * settlor.' *Domo v. McCarthy* (1993), 66 Ohio St.3d 312, 314, 612 N.E.2d 706, 708. The express language of the trust guides the court in determining the intentions of the settlor. *Casey v. Gallagher* (1967), 11 Ohio St.2d 42, 40 O.O.2d 55, 227 N.E.2d 801." *In re Trust of Brooke* (1998), 82 Ohio St.3d 553, 557, 697 N.E.2d 191, 194.

Indeed the Ohio Supreme Court has noted that where a testator expressed no intention regarding the ultimate impact of the federal estate tax, " '[c]ourts cannot speculate concerning the intention of [the] settlor[ ] * * *. The instrument as written must govern. * * * In the absence of a definite declaration on the subject it must be presumed that the intention was that the ultimate weight of taxation must rest where the law places it.' " *McDougall v. Cent. Natl. Bank of Cleveland* (1952), 157 Ohio St. 45, 56–57, 47 O.O. 60, 65, 104 N.E.2d 441, 446–447, quoting *Bemis v. Converse* (1923), 246 Mass. 131, 134, 140 N.E. 686, 687.

■ Here, as the trustees contend, the settlor probably did not contemplate that none of his sons would have issue. Nonetheless, while the trustees are granted wide discretion in administering the trust, we note that they offered no evidence of a duty, under the specific terms of the trust, to avoid taxation. Moreover, the express language of the trust makes no provision for special testamentary powers of appointment for the two sons. Rather, it provides that the "first and primary charge" of the trust is the care and treatment of the settlor's third son, Lowe, Jr., who, "as a result of his service during World War II, sustained a disability" that has required long-term care. Beyond that direction, the trustees are given broad discretion to use the income and principal of the trust "for the benefit of my children." After the death of Lowe, Jr., the balance of the trust is to be divided between Orville and Jeremy or among their issue *per stirpes*. No provision is made for the lineal descendants of the sons' grandparents. Based upon this language, we cannot say that the probate court abused its discretion in refusing to grant the equitable relief sought pursuant to R.C. 2107.46. The first assignment of error is overruled.

■ In their second assignment of error, the trustees contend that the probate court failed to give them notice that they had the burden of persuasion in this matter, where no person or entity with standing had opposed the proposed amendment of the trust. The record shows otherwise.

The parties received notice of and did attend the April 13, 1998 hearing on the complaint for declaratory relief. In their pretrial statement, filed with the probate court on April 6, 1998, the trustees indicated, in paragraph five, that they had the burden of demonstrating by a preponderance of the evidence that the

trust could be amended to provide for special testamentary powers of appointment for Orville and Jeremy Simpson. At the hearing, evidence as to the settlor's intent was adduced from Nelson Schwab, Jr., a trustee and lifelong friend of the Simpson family. At the conclusion of the hearing, the probate court gave the trustees two weeks to brief the issue of how the proposed special powers of appointment would minimize the tax burden on the estate. It cannot be said that the trustees were lulled into a false sense that they had no burden in this proceeding. The second assignment of error is overruled.

Therefore, the judgment of the probate court is affirmed.

*Judgment affirmed.*

SUNDERMANN, J., concurs.

HILDERBRANDT, P.J., dissents.

HILDEBRANDT, Presiding Judge, dissenting.

Because I believe that the lower court abused its discretion by denying the unopposed motion of the trustees, I respectfully dissent.

As noted by the majority opinion, the Ohio Supreme Court has held that "[w]hen construing provisions of a trust, [a court's] primary duty is to 'ascertain, within the bounds of the law, the intent of the * * * settlor.'" *In re Trust of Brooke* (1998), 82 Ohio St.3d 553, 557, 697 N.E.2d 191, 194. While a trust is normally structured for the care and provision of the beneficiary or beneficiaries, this court has recognized that a settlor's intent would normally include minimizing tax liability. See *Wittenberg Univ. v. Waterworth* (1984), 13 Ohio App.3d 452, 455, 13 OBR 542, 545–546, 469 N.E.2d 970, 972.

In this case, the settlor quite clearly contemplated that the trust be used for the benefit of his children during their lifetime and to provide, after his children's deaths, for the further distribution of assets, rather than simply increasing or burdening the estates of his children. Even the majority acknowledges that the settlor in this case most likely never contemplated that none of his sons would marry and that none would have children, and likewise the settlor most likely never contemplated that the trust could impose a heavy tax burden on his sons' estates.

The settlor did contemplate, however, that unforeseen circumstances could arise after his death that might interfere with the salutary purpose of the trust. He therefore vested the trustees with "complete discretionary power with respect to the application of income and the use of principal under conditions and circumstances as they may exist in the future and which it [was] impossible for

[him], as of [that] date, to clearly foresee." That his sons would be without issue at the time the trust was distributed was one of those unforeseen circumstances.

The lower court erroneously relied upon this court's decision in *Schoeny v. Cent. Trust Co., N.A.* (July 22, 1987), Hamilton App. No. C86–0561, unreported, 1987 WL 14405, in rejecting the trustees' request. In *Schoeny*, the lower court ordered the administration of the trust in direct contravention of the terms that the settlor included in his will. The settlor indicated that the funds for the trust were to be invested according to the discretion of the trustee, and that each of the beneficiaries of the trust was to be paid $200 per month until the trust was depleted. The trial court ordered that the amount paid to each beneficiary be at least $200, that the amount should be increased "each year by an inflation factor based upon the Consumer Price Index," and that the trustee make new investments in high-yield securities.

One of the beneficiaries objected to this rewriting of the trust and appealed to this court. We held, "Neither the record before us nor Item 9 of the will manifests an intention on the part of the testator that the trust be administered by the trustee in the manner decreed by the court below." Accordingly, we held that the lower court abused its discretion in ordering the changes in the trust distribution.

Here, the requested amendment to the trust agreement furthers the purpose of the settlor rather than frustrating it. The trust agreement in this case contains no contrary language regarding the limited powers of appointment requested by the trustees.

Therefore, I would hold that the limited powers of appointment proposed by the trustees for Orville and Jeremy Simpson would be in accordance with the expressed intentions of the settlor, and that the trustees have established all that is necessary to warrant reformation of the trust to allow the powers of appointment. I would therefore reverse the judgment of the lower court and enter judgment in favor of the trustees.