OPINION
{¶ 1} Appellant Margaret A. Stavick filed a Complaint for Declaratory Judgment and Accounting in the Mahoning County Court of Common Pleas, Probate Division. The complaint revolved around an inter vivos trust (hereinafter, "the Trust") executed on April 12, 1995, by her uncle George Stavich, a.k.a. George Stavick. She named the three trustees of the Trust (hereinafter, "Appellees") as defendants. Mr. Stavich died on November 15, 1999, rendering the Trust irrevocable. Appellant alleged that she was a beneficiary of the Trust upon the death of her uncle. As a beneficiary, Appellant requested a full accounting of all activities of the Trust and wished to receive a complete copy of the Trust document. This appeal is in response to the dismissal of Appellant's complaint and the refusal of the probate court to permit her to see an unredacted copy of the Trust.
 {¶ 2} On July 19, 2000, Appellant filed her declaratory judgment complaint. The matter was referred to a magistrate.
 {¶ 3} On September 13, 2000, Appellees filed an Application for Instructions, requesting direction from the court as to how the trustees could receive a declaration of the validity of the Trust while preserving the confidentiality of the Trust document and the beneficiaries mentioned therein.
 {¶ 4} On October 23, 2000, Appellees filed a Motion for Protective Order attempting to maintain the confidentiality of the Trust.
 {¶ 5} On October 27, 2000, Appellant filed a Motion for Summary Judgment. Appellant attached a letter from Appellee Kenneth P. Coyne acknowledging that Appellant was a beneficiary of the Trust. Appellant argued that she was a qualified beneficiary and was entitled to an accounting pursuant to R.C. 1340.031. R.C. 1340.031(A) states, in part: "[n]ot more than once every six months, a qualified beneficiary * * * may request in writing that an inter vivos trustee furnish the qualified beneficiary or legal representative a report of the management of the inter vivos trust as provided in this section." Appellant also argued that she was entitled to a complete copy of the Trust document based on common law rules governing fiduciary duties of trustees.
 {¶ 6} On October 27, 2000, Appellant filed a Motion to Compel Discovery.
 {¶ 7} On November 1, 2000, it appears that Appellant received a $300,000 distribution from the Trust.
 {¶ 8} On November 1, 2000, Appellees filed a Pretrial Statement. Part of the statement was an affidavit of trustee Coyne, stating that Mr. Coyne received instructions from George Stavich that he wanted to keep the Trust private and confidential, and that at least one beneficiary did not want the Trust document to be made public and did not want information about that beneficiary's distribution to be revealed to others.
 {¶ 9} On that same date, the magistrate filed an order requiring Appellees to submit a full copy of the Trust, under seal, to the court for in camera inspection. Appellees complied with this order on December 7, 2000.
 {¶ 10} On December 8, 2000, Appellees filed a motion seeking to dismiss the complaint. Appellees argued that Appellant had no interest in the Trust, that she had no standing to pursue the complaint, and that she could not request a report from the trustees pursuant to R.C. 1340.031
because she was not a qualified beneficiary as defined by R.C. 1304.01(E). Appellees argued that, because Appellant had already been paid her entire interest in the Trust, she was no longer a qualified beneficiary.
 {¶ 11} On March 23, 2001, the trial court ruled that Appellant was a "qualified beneficiary" as of the date she filed her complaint, and that she could continue to litigate her request for a report pursuant to R.C. 1340.031. Appellees' motion to dismiss was overruled.
 {¶ 12} On August 13, 2001, Appellees filed, under seal, a trustees' report pursuant to R.C. 1340.031, so that the court could review the report in camera.
 {¶ 13} Also on August 13, 2001, Appellees filed a Memorandum in Opposition to Plaintiff's Motion for Summary Judgment. Part of the memorandum was a renewed motion to dismiss Appellant's complaint due to the fact that Appellant had received all the relief she was entitled to pursuant to her complaint. Appellees argued that they had delivered a copy of their report to Appellant, and that they had delivered to her a redacted copy of the Trust containing those sections relevant to her status as a beneficiary. Appellees argued that Appellant was not entitled to a full common law accounting, because that form of relief had been abrogated by R.C. 1340.031.
 {¶ 14} On September 5, 2001, Appellant filed a supplement to her motion for summary judgment. Appellant argued that R.C. 1340.031 did not abrogate the common law right to an accounting. She also argued that she needed a complete copy of the Trust document so that she could fully protect her rights and make sense of the accounting.
 {¶ 15} On October 30, 2001, the magistrate denied Appellant's motion for summary judgment. The trial court adopted the magistrate's decision on November 1, 2002, denying Appellant's motion for summary judgment. Appellant subsequently filed objections to the magistrate's decision.
 {¶ 16} On December 27, 2001, Appellees filed their own Motion for Summary Judgment. Appellees agreed with Appellant that the facts in this case were not in dispute. Appellees alleged that Appellant had been paid $300,000 from the Trust on November 1, 2000, and attached affidavits from two of the trustees to support the assertion. Appellees alleged that the trial court reviewed the entire trust document in camera. Appellees alleged that they provided a redacted copy of the trust document to Appellant. Appellees alleged that they provided Appellant with a report as required by R.C. 1340.031 and that they have no other legal or equitable duties to provide any more information to Appellant because she is no longer a beneficiary of the Trust.
 {¶ 17} On January 7, 2002, the trial court ruled on the pending motions and objections. The court gave a number of reasons for overruling Appellant's motion for summary judgment, most notably that Appellant was attempting to invoke the equitable power of the court but did not trust the court's equitable judgment in redacting the Trust document. (1/7/02 J.E., p. 2.) The court acknowledged Appellant's right to a report pursuant to R.C. 1340.031, and that Appellant had received the report. The court noted that R.C. 1340.031 does not state or imply that trustees must deliver a complete copy of the trust document to a qualified beneficiary. The court held that the statute provided an alternative to any relief that the probate court could offer through its equity powers, and that it would be redundant to provide an additional equitable remedy. The court held that Appellant had an adequate remedy at law through its request of the report required by R.C. 1340.031. For these and other reasons, the court overruled Appellant's objections. (1/7/02 J.E., p. 7.)
 {¶ 18} In the January 7, 2002, judgment entry, the court made further rulings which terminated the litigation. The court overruled Appellees' motion for summary judgment because it was filed without leave of the court and because it had been rendered moot. The court held that the undisputed facts presented by the parties required that the complaint be dismissed without prejudice. The court noted that, pursuant to R.C.1340.031(B), Appellant could file an action against the trustees based on matters described or discussed in the report. The court then dismissed the action without prejudice.
 {¶ 19} On February 4, 2002, Appellant filed this timely appeal.
 MOOTNESS ISSUE {¶ 20} Appellees argue that this case is moot because Appellant has received her entire beneficial interest in the Trust, which was $300,000. Although Appellant has not denied this fact in any document in the record, she clearly does not openly admit it either. It is evident, though, that Appellant has not released the Trust or the trustees from liability, regardless of whether she accepted $300,000 from the Trust. Appellees do not explain why the mere acceptance of what the trustees claim is Appellant's full interest would constitute a complete release of all her claims. If there were some provision in the Trust itself stating that mere acceptance of a benefit from the Trust would be deemed a full release of claims, Appellees argument might be persuasive. See, e.g.,Mon. Rite Construction Co. v. Northeast Ohio Regional Sewer Dist.
(1984), 20 Ohio App.3d 255, 485 N.E.2d 255. Appellees have not pointed to anything in the Trust or otherwise that effectively extinguishes Appellant's right to further inquire into her beneficiary status or pursue claims against the trustees arising out of their fiduciary duties to the beneficiaries. Furthermore, it is undisputed that Appellant had not yet received any payment from the Trust at the time she filed her complaint. She was certainly entitled to a report from the trustees pursuant to R.C. 1340.031 at the time she filed her complaint. This appeal involves issues that were raised prior to Appellant's alleged acceptance of payment from the Trust, and Appellant is not barred from appealing those prior claims merely because she may have accepted a disbursement from the Trust.
 APPEAL OF A DENIAL OF MOTION FOR SUMMARY JUDGMENT {¶ 21} Before directly addressing the assignments of error, we must clarify what Appellant is attempting to accomplish in this appeal. Appellant's assignments of error all relate to the trial court's decision to overrule her motion for summary judgment. The trial court though, ultimately ruled on the merits of this case and dismissed the complaint because the court could not (or would not) grant any more relief than what had already been granted. Appellant has not indicated to us that she is challenging the trial court's ruling on the merits. Appellant's only chance of success in this appeal is to show that summary judgment should have been granted in her favor. If we conclude that she is not entitled to summary judgment in her favor, she has presented no further arguments disputing the trial court's decision on the merits to dismiss the complaint altogether.
 {¶ 22} We must point out that, in general, a party cannot appeal the denial of a motion for summary judgment if the issues involved in the motion have been subsequently litigated at trial. Continental Ins. Co.v. Whittington (1994), 71 Ohio St.3d 150, 156, 642 N.E.2d 615. This case presents the unusual situation where it is appropriate to review the denial of a motion for summary judgment, because the case did not proceed to trial, but rather, was dismissed by the trial court.
 ASSIGNMENTS OF ERROR {¶ 23} Appellant's first assignment of error asserts:
 {¶ 24} "The court below erred in ruling that plaintiff's assertion of her right to an unredacted copy of the trust contradicted her motion for summary judgment as to such right in that the court failed to recognize that the grounds for the motion, rather than themselves raising issues of material fact, supported plaintiff's preliminary right to determine whether such issues existed."
 {¶ 25} Appellant argues that the trial court was confused about the nature of her complaint and the type of relief she was requesting. Appellant argues that she was requesting declaratory judgment for the purpose of receiving a full copy of the Trust document. Appellant believes that she proved enough to prevail in summary judgment on this issue by merely showing that she was a beneficiary of the Trust. The trial court disagreed with this reasoning, and invoked certain discretionary powers so that Appellant received only a redacted copy of the Trust. Although the trial court may have unfairly described Appellant's motion for summary judgment as a "legal anomaly" (1/7/02 J.E., p. 2), the trial court was ultimately correct that: (1) it had the power to review the full trust documents in camera; (2) it had the power to limit discovery so that Appellant only received a redacted copy of the Trust; and (3) Appellant waived any right to assert error in the court's action by not raising arguments disputing the court's authority to review and redact the Trust documents.
 {¶ 26} This appeal involves a trial court ruling on a motion for summary judgment. Pursuant to Civ.R. 56(C), summary judgment may be appropriate if the relevant documents show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Where reasonable minds can come to only one conclusion that is adverse to the nonmovant, summary judgment is proper. If a movant desires to obtain summary judgment, it should point the court towards the portions of the record that demonstrate the absence of a genuine issue for trial. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264. To avoid summary judgment, the nonmovant cannot rest on the mere allegations contained in the pleadings but must set forth specific facts by affidavit or otherwise showing a genuine issue for trial. Id.
 {¶ 27} In reviewing the grant or denial of summary judgment, this Court applies a de novo standard of review. Nationwide Mut. Fire Ins.Co. v. Guman Bros. Farm (1995), 73 Ohio St.3d 107, 108, 652 N.E.2d 684. We are required to construe the evidence and the inferences presented in summary judgment in a light most favorable to the non-moving party.Osborne v. Lyles (1992), 63 Ohio St.3d 326, 333, 587 N.E.2d 825.
 {¶ 28} One of the types of relief that Appellant requested in her complaint was the delivery of a complete unredacted copy of the Trust. The trial court correctly concluded that it had authority to redact the Trust document before delivering it to Appellant, although the court did not specifically state the basis of this authority. The court may have relied on its power to govern the discovery process. A trial court has broad discretion in regulating the discovery process. State ex rel.Grandview Hosp. Med. Ctr. v. Gorman (1990), 51 Ohio St.3d 94, 96,554 N.E.2d 1297. Civ.R. 26(C) allows a trial court to limit discovery and to issue, "any order that justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense * * *." Determinations made during the course of discovery will not be reversed absent an abuse of that discretion that prejudicially affects a substantial right of a party. State ex rel. Daggett v. Gessaman (1973),34 Ohio St.2d 55, 58, 63 O.O.2d 88, 295 N.E.2d 659. In order to find that an abuse of discretion has occurred, an appellate court must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and did not constitute merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.
 {¶ 29} A court may review documents in camera to determine whether an entire document or portions of a document should be withheld from discovery. Gupta v. Lima News (2001), 143 Ohio App.3d 300, 304,757 N.E.2d 1227; State v. Hoop (1999), 134 Ohio App.3d 627, 639,731 N.E.2d 1177; Bland v. Graves (1994), 99 Ohio App.3d 123, 137,650 N.E.2d 117.
 {¶ 30} Appellant points to nothing that would contradict or limit the aforementioned power of the trial court over the discovery process. Appellant's argument on appeal is a bold unsupported assertion: "[t]here is simply no credible argument that counters Plaintiff's position that she is entitled to review the entire trust instrument * * *." (Appellant's Brief, p. 9.) This is not a reasoned analysis, and it certainly does not compel this Court to conclude that Appellees were required to deliver the entire Trust document to Appellant. We have thoroughly examined the Trust and have found nothing in it that would compel us to reverse the probate court's discretion in this matter. While we are mindful of the requirement in summary judgment proceedings to view the law and alleged facts in a light most favorable to Appellees, we nevertheless conclude that the probate court had the authority to restrict Appellant's discovery to a redacted copy of the Trust. Therefore, summary judgment was not appropriate with respect to Appellant's request for the complete and unredacted trust instrument. We must overrule Appellant first assignment of error.
 {¶ 31} Appellant's second assignment of error states:
 {¶ 32} "The court below erred in ruling that R.C. 1340.01 et seq. provided plaintiff with her exclusive right to information regarding the trust because the court failed to carry through with its acknowledgement that R.C. 1340.031(C) preserved other statutory rights and failed to recognize that other common-law rights remained intact."
 {¶ 33} In this assignment of error, Appellant alleges that she had more than one remedy available to her, and that the trial court was wrong in refusing to acknowledge any alternative remedy other than that provided by R.C. § 1340.031(A), which states:
 {¶ 34} "(A) Not more than once every six months, a qualified beneficiary * * * may request in writing that an inter vivos trustee furnish the qualified beneficiary * * * a report of the management of the inter vivos trust as provided in this section. Within thirty days after receiving the written request for a report of the management of the inter vivos trust, the inter vivos trustee shall furnish the qualified beneficiary or legal representative that made the request a report that is current to within five months prior to the date of the request and that shows an inventory of the trust property and the receipts credited and expenditures charged to income or principal with respect to the inter vivos trust for the two years prior to the preparation of the report. If the inter vivos trustee does not comply with the request for a report under this section, the qualified beneficiary or legal representative that made the request may file an appropriate action in a court of competent jurisdiction to compel the inter vivos trustee to furnish the report."
 {¶ 35} The trial court had previously determined that Appellant was a "qualified beneficiary" under R.C. § 1340.031(A). The same statute contains a further relevant provision:
 {¶ 36} "(C) No provision in this section eliminates any other rights or causes of action that a qualified beneficiary of an inter vivos trust, a legal representative of a qualified beneficiary of an inter vivos trust, or any of the heirs or assigns of a qualified beneficiary of an inter vivos trust may have against the inter vivos trustee under any other section of the Revised Code."
 {¶ 37} Appellant argues that R.C. 1340.031(C) specifically allows her to pursue other statutory remedies. Appellant believes that R.C. § 2109.303(A) provided an alternative remedy for a full accounting. R.C. 2109.303 contains provisions for testamentary trustees and other fiduciaries to render accounts.
 {¶ 38} Appellant further argues that R.C. 1340.031(C) should not be read so as to exclude equitable or common law remedies, including the equitable remedy of an accounting.
 {¶ 39} Appellant incorrectly characterizes the probate court's ruling concerning alternative remedies. Nowhere does the probate court state that Appellant was limited to seeking the relief provided by R.C.1340.031. The court's position was that the other types of relief available to Appellant involved some amount of discretion on the part of the trial court, or needed a factual justification that Appellant failed to provide, or were redundant to the relief provided by R.C. 1340.031. (1/7/02 J.E., pp. 2, 4-6.)
 {¶ 40} Even if we assume that Appellant is correct that two alterative remedies were potentially available to her, she has not established that the trial court was required to provide either of those remedies through summary judgment.
 {¶ 41} First, R.C. 2109.303(A) does not provide an absolute right to a remedy, but rather, leaves the decision to the discretion of the court:
 {¶ 42} "(A) Except as provided in division (B) of this section, every testamentary trustee shall, and every other fiduciary not subject to section 2109.301 or 2109.302 of the Revised Code may, render anaccount of the trustee's or other fiduciary's administration of theestate or trust at least once in each two years. Any testamentary trusteeor other fiduciary shall render an account, subject to division (B) ofthis section, at any time other than a time otherwise mentioned in thissection upon an order of the court issued for good cause shown either at its own instance or upon the motion of any person interested in the estate or trust. * * *" (Emphasis added.)
 {¶ 43} It is undisputed that this statute applies to trustees of inter vivos trusts, under the "other fiduciary" heading. See R.C.2109.303(C)(4). According to R.C. 2109.303(A), a fiduciary is only required to render an account, "for good cause shown." Appellant did not allege any facts that could substantiate good cause for ordering the trustees to render an account. Appellant did not allege wrongdoing on the part of the trustees, other than the perceived wrongdoing of failing to deliver a complete copy of the Trust. Once again, though, Appellant points to no legal principle that would have required the trustees to send her a complete copy of the Trust. By not alleging any factual basis for finding "good cause" to order an accounting, and by not presenting any evidence that could be used to support a motion for summary judgment on the issue, the trial judge could hardly have been expected to rule that summary judgment in Appellant's favor was appropriate.
 {¶ 44} Second, Appellant contends that the court should have used its equitable powers to order an accounting. As Appellee points out, equitable remedies are not asserted as a matter of right, but rather, are available at the discretion of the trial court. Fifth Third Bank v.Simpson (1999), 134 Ohio App.3d 71, 72, 730 N.E.2d 406. The denial of equitable relief is reviewed for abuse of the trial court's discretion.Sandusky Properties v. Aveni (1984), 15 Ohio St.3d 273, 274-275, 15 OBR 408, 473 N.E.2d 798.
 {¶ 45} The trial court held that any equitable remedy it might have provided would have been redundant to the legal remedy provided by R.C.1340.031. (1/7/02 J.E., p. 5.) The court also determined that Appellant had, "not presented any grounds, any good cause upon which the Court might believe that a wrong may have been committed with respect to the administration of this trust * * *." (1/7/02 J.E., p. 6.) The failure to present any reasons at all for the court to invoke its equitable powers is another strong reason for overruling Appellant's motion for summary judgment. For these reasons, we overrule Appellant's second assignment of error.
 {¶ 46} Appellant's third assignment of error asserts:
 {¶ 47} "Judge Maloney, below, erred in concluding that nothing in magistrate philbin's decision on plaintiff's motion for summary judgment indicated that the magistrate considered the decedent's oral statements in that the magistrate, in effect, admitted into evidence the affidavits relating the decedent's statements."
 {¶ 48} Appellant argues that the trial judge and magistrate relied on an alleged oral statement of the decedent, George Stavich, as part of its decision to keep parts of the Trust confidential. The trial court's response to Appellant's fourth objection completely resolves this issue. The trial judge pointed out that:
 {¶ 49} "[T]here is nothing within the Magistrate's Decision or the record to suggest that [the magistrate] in any way considered, relied upon or rendered his decision based upon any supposed oral statements of the Decedent. The only reference to such statements within the Magistrate's Decision was his noting, in passing, that this too was part of the Defendant's arguments in response to the Plaintiff's motion for summary judgment. Plaintiff's erroneous and wholly unsubstantiated allegations to the contrary will not make it otherwise." (1/7/02 J.E., p. 5.)
 {¶ 50} The record does not indicate that either the probate court or the magistrate relied on any alleged oral statements by the decedent, and therefore, Appellant's third assignment of error is without merit.
 {¶ 51} In conclusion, Appellant has failed to show and the record does not reflect that the probate court erred when it failed to sustain her motion for summary judgment. Appellant failed to provide any legal support for the notion that the trustees were required to deliver a complete copy of the Trust to her, or that she had a right to anything more than the report described in R.C. 1340.031. Appellant has not presented any further arguments as to why the probate court should not have dismissed the complaint, and therefore, the judgment of the Mahoning County Court of Common Pleas, Probate Division, is affirmed in full.
Judgment affirmed.
Donofrio and DeGenaro, JJ., concur.