OPINION
{¶ 1} Defendant-appellant, Joe Miller, appeals a decision of the Madison County Court of Common Pleas granting a $26,000 judgment in his favor but finding he does not have an equitable lien on a 1984 Chevrolet Corvette.
 {¶ 2} Plaintiff-appellee, Kenneth Donahoe ("Kenneth"), and appellant were both in the trucking business. On January 4, 2003, they entered into a written agreement with regard to appellant's Peterbuilt truck and refrigerated trailer. The essence of the agreement was that Kenneth would use appellant's truck and trailer to make a "run" to Florida. Kenneth was to give 70 percent of the proceeds of the Florida delivery to appellant. In addition, if he liked the truck and trailer, Kenneth was to buy them for $60,000. After the Florida trip, Kenneth asked that the truck's clutch be replaced. Appellant complied. Unable to get all the money for the truck and trailer, Kenneth then brought his 1984 Chevrolet Corvette and its title to appellant to show he was serious about buying the truck. He then regained possession of the truck and trailer and used them on numerous trips throughout the United States. While Kenneth used the truck, appellant continued to make monthly rental payments of $2,500. Kenneth never paid the proceeds of the Florida delivery to appellant.
 {¶ 3} Unable or unwilling to buy the truck and trailer, Kenneth eventually sought to return them to appellant and get his Corvette back. Appellant refused to return the Corvette. Kenneth kept the truck and trailer but stopped using them. In May 2003, Kenneth filed a complaint in replevin seeking damages and the return of the Corvette. Appellant filed a counterclaim seeking damages and the return of his truck and trailer. After Kenneth died in July 2003, his wife Cathy was substituted as a party plaintiff in her representative capacity as executrix of Kenneth's estate. The Corvette was then titled in her name. In September 2003, through self-help, appellant recovered his truck and trailer.
 {¶ 4} Appellant never filed a claim against Kenneth's estate. The estate was declared insolvent in probate court. No evidence was presented regarding an inventory. The status of the Corvette in the estate is unclear. In October 2004, Cathy filed a motion for the return of the Corvette on the grounds that she was the titled owner and that appellant did not have an ownership interest or security interest in the car.
 {¶ 5} By decision filed on January 6, 2005, the trial found that Kenneth owed appellant "$22,500 [for the] fair rental value of the rig and $3,500 for miles added after the first Florida run[,]" and granted a $26,000 judgment in favor of appellant. The trial court also found that an equitable lien must be in writing. It then gave appellant 14 days to "show in writing how an equitable lien can be impressed on the Corvette to satisfy [Kenneth's] debt of $26,000 owed to [appellant][.]" Appellant filed a written memorandum and Cathy filed a responsive memorandum. On February 9, 2005, the trial court found that appellant failed to prove by a preponderance of the evidence that he had an equitable lien on the Corvette, and ordered him to return the car to Cathy. Appellant appeals, raising four assignments of error.
 {¶ 6} Assignment of Error No. 1:
 {¶ 7} "THE TRIAL COURT ERRED IN FAILING TO DECLARE THAT DEFENDANT-APPELLANT HOLDS AN EQUITABLE LIEN."
 {¶ 8} Assignment of Error No. 2:
 {¶ 9} "THE TRIAL COURT ERRED IN HOLDING THAT AN EQUITABLE LIEN MUST BE IN WRITING."
 {¶ 10} Appellant has physical possession of the Corvette and the certificate of title as it existed in January 2003. Appellant acknowledges that under R.C. 4505.13 a security interest on a motor vehicle must be perfected by a lien notation by the Clerk of Court on the face of the certificate of title. Appellant admits that he failed to perfect such a lien on the Corvette under R.C. 4505.13. He argues, however, that since Kenneth gave him the Corvette and certificate of title as security interest, he has an equitable lien on the Corvette even though it is not in writing.
 {¶ 11} A lien is equitable in character when satisfaction of the lien is sought from a particular fund or specific property under principles of equity. Landskroner v. Landskroner,154 Ohio App.3d 471, 2003-Ohio-4945, ¶ 34. "[E]very express executory agreement in writing whereby a contracting party sufficiently indicates an intention to make some particular property * * * a security for a debt or other obligation, or whereby the party promises to convey, assign, or transfer the property as security, creates an equitable lien upon the property * * *, which is enforceable against the property in the hands not only of the original contractor, but of his purchasers or encumbrancers with notice. Under like circumstances, a merely verbal agreement may create a similar lien upon personal property." Syring v.Sartorious (1971), 28 Ohio App.2d 308, 309-310.
 {¶ 12} An equitable lien, therefore, may arise either from awritten agreement which shows an intention to make a particular property a security for a debt or obligation, or may beimplied and declared by a court of equity upon consideration of right and justice as applied to the relations of the parties and the circumstances of their dealings. Katz v. Banning (1992),84 Ohio App.3d 543, 551; Koon v. Clapp (Nov. 2, 1990), Portage App. No. 89-P-2101. Thus, an agreement that the specific property will act as security for a debt need not be express but can be implied by relationship of the parties. Koon. We therefore hold that an equitable lien need not be in writing. To the extent the trial court erroneously found that an equitable lien must be in writing, appellant's second assignment of error is well-taken.
 {¶ 13} Whether an equitable lien is in writing or implied, it nonetheless requires (1) a debt, duty, or obligation; (2) an identifiable res; and (3) an intent, express or implied, that the property serve as security for the payment of the debt or obligation. Koon; Landskroner, 2003-Ohio-4945, ¶ 34. In other words, even if a verbal agreement may create an equitable lien, such verbal agreement must indicate with sufficient clarity an intent that the property is to be held, given, or transferred as security for the obligation. Koon.
 {¶ 14} In the case at bar, appellant testified that Kenneth gave him the Corvette and the certificate of title as security until Kenneth could get a loan to buy the truck and trailer, and that Kenneth specifically told him the Corvette and title were for security. Appellant also testified that Kenneth "from day one" told him he would give him security. Apparently, the parties agreed the Corvette would be the security before the January 4, 2003 agreement. Yet, as the trial court noted, the agreement "makes no reference to the Corvette or any anticipated pledge of the Corvette to secure the use or purchase of the rig." By contrast, Cathy testified that appellant did not have a lien or any security interest on the Corvette, and that no document gave appellant a lien or security interest. Cathy also testified Kenneth gave the Corvette to appellant because "he wanted [appellant] to know he took good care of his things and wouldn't take his truck and trash it."
 {¶ 15} In light of the foregoing, we find that consideration of the relations of the parties and the circumstances of their dealings does not justify imposition of an equitable lien in favor of appellant. The trial court, therefore, did not err in holding that appellant does not have an equitable lien in the Corvette. Appellant's first assignment of error is accordingly overruled.
 {¶ 16} Assignment of Error No. 3:
 {¶ 17} "THE TRIAL COURT ERRED IN FINDING THE ORIGINAL COUNTERCLAIM INSUFFICIENT TO TRIGGER THE OPERATION OF THE DOCTRINE OF LIS PENDENS."
 {¶ 18} "Lis pendens" literally translates as "pending suit."Gunlock v. Z.B.P. Partnership (Sept. 29, 1997), Clermont App. No. CA97-05-047, at 3. Lis pendens is an exception to the general rule that "one not a party to a suit is not affected by the judgment." Cook v. Mozer (1923), 108 Ohio St. 30, 36. The effect of lis pendens is that if a third party acquires an interest in the property while the lawsuit is pending, the third party takes the property subject to the final outcome of the suit. Martin, Rochford and Durr v. Lawyer's Title Ins. Corp.
(1993), 86 Ohio App.3d 20, 22. Because appellant does not have an equitable lien on the Corvette, the trial court did not err in not applying the doctrine of lis pendens to the present case. Appellant's third assignment of error is overruled.
 {¶ 19} Assignment of Error No. 4:
 {¶ 20} "THE TRIAL COURT ERRED IN OVERRULING DEFENDANTA-PPELLANT'S MOTION TO DISMISS FOR FAILURE TO JOIN NECESSARY PARTIES."
 {¶ 21} Appellant argues that the trial court improperly overruled his Civ.R. 19 motion to dismiss. The record shows that following Cathy's case-in-chief during a bench trial, appellant orally moved for dismissal on the ground that Cathy was not added as a party in her personal capacity as the title owner of the Corvette. Cathy's attorney first argued that the issue in the case was not about ownership but whether appellant had an equitable lien. The attorney noted that in order for the estate to proceed, the title of the car had to be transferred to Cathy as the surviving spouse. The attorney then stated that while Cathy was there as the executrix, she still had an interest in seeing that the car be transferred to her without lien and without anything but full and complete ownership. The trial court summarily overruled appellant's motion.
 {¶ 22} We find that the trial court did not err when it overruled appellant's motion. After Kenneth died, appellant never filed a claim against the estate. Appellant also never moved to join Cathy as a party to the action in her personal capacity, even after her motion for the return of the car clearly indicated she was the title owner of the car. While appellant filed a memorandum in opposition to Cathy's motion, the memorandum did not challenge the fact Cathy was not a party in the action in her personal capacity. That challenge was made for the first time during the bench trial.
 {¶ 23} Cathy's motion and the attached affidavit make no reference to her status as the executrix. They, do, however, clearly and specifically refer to her as the owner of the Corvette. The motion argues for the return of the car on the ground that Cathy is the owner of the car and appellant has no interest in the car.
 {¶ 24} We find that Cathy was before the trial court both as the executrix and the owner of the car. Appellant's fourth assignment of error is overruled.
 {¶ 25} Although the trial court erred by holding an equitable lien had to be in writing, it properly found that appellant did not have an equitable lien in the Corvette. Thus, the trial court's judgment finding that appellant does not have an equitable lien in the Corvette and ordering him to return the car to Cathy is affirmed.
Powell, P.J., and Bressler, J., concur.