OPINION
{¶ 1} Appellant, Paul C. Lappart, appeals from the judgment of the Franklin County Court of Common Pleas, Probate Division, which found that he was not entitled to an equitable lien on the proceeds from the sale of real property.
 {¶ 2} On August 1, 2002, 63-year-old appellant, and 60-year-old Colleen Rose Ring ("decedent"), purchased a condominium in Columbus, Ohio for $117,900. Title to the property was conveyed to them as tenants in common. Each paid $12,500 toward the purchase of the real estate and assumed the balance due on a note to Broadview Mortgage Co., which had an outstanding balance of $93,737.51 and was secured by an open-end mortgage on the real estate.
 {¶ 3} At the time they purchased the property, appellant and decedent were engaged to be married. However, a few months after purchasing the condominium, decedent became ill and was hospitalized in November 2002, where she remained for the majority of time until her death on October 11, 2003. Decedent died intestate, survived by two adult children, Maureen Vaughan and Tony Montville.
 {¶ 4} Payments of $20,019.40 were made by appellant from the time the condominium was purchased until it was sold on October 29, 2004. Upon the sale of the property, appellant and decedent's estate each received $14,108.16. Appellant notified the estate of his intention to exert his right to a lien on the net proceeds of the sale for one-half of the monies he expended for the condominium from the time of its purchase to the date of its sale: to wit, $10,009.70.
 {¶ 5} On August 2, 2005, Maureen Vaughan, the estate's administrator, filed a motion in Franklin County Probate Court for an order declaring the estate insolvent, setting the priorities of claimants pursuant to R.C. 2117.25, and approving payments to creditors. The administrator listed appellant's $10,009.70 claim as a class-9 creditor claim under R.C. 2117.25. Appellant filed objections to the proposed classifications and distribution of claims on September 16, 2005. Also on September 16, 2005, the probate court filed an entry declaring the estate insolvent.
 {¶ 6} On December 19, 2005, a hearing on appellant's objections was held before a magistrate of the probate court. The magistrate found that the $10,009.70 sought by appellant did not constitute an equitable lien on the proceeds from the sale of real property, and was correctly categorized by the estate's administrator as a class-9 creditor's claim. Appellant filed objections to the magistrate's decision, and the matter came for hearing before the probate court on July 5, 2006. In its decision modifying in part the magistrate's decision, the trial court first distinguished between the payments made prior to decedent's passing of $5,424.65 ("pre-death mortgage payments"), and those made after her passing of $4,585.05 ("post-death mortgage payments"). Because it could not discern whether the pre-death mortgage payments were made solely from appellant's income with no contribution from decedent, were made pursuant to a budgetary agreement, were a gift to decedent, or were made in part by decedent, the probate court concluded that appellant had essentially no claim for the pre-death mortgage payments let alone did he acquire a lien for said amount. However, because the administrator did not reject appellant's claim for the amount, but rather accepted such as a class-9 creditor claim, the court did not disturb the administrator's finding.
 {¶ 7} Regarding the post-death mortgage payments, the probate court agreed with the magistrate that indeed the estate had an obligation to extend the funds necessary for the maintenance of the condominium until it could be transferred and sold. The probate court also agreed that these payments did not constitute an equitable lien. The court went on to find, however, that this claim was not a class-9 creditor claim as found by the magistrate, but instead was a class-1 claim against the estate, as a cost and expense of administration. Notwithstanding, recognizing that it is a court of equity, the probate court rationalized that appellant lived in the condominium until it was sold, and paid no equitable amount of rent to the estate for the use of the estate's one-half interest in the property. Thus, the probate court ultimately found that appellant's claim against the estate for post-death mortgage payments was offset by the equitable rent appellant owed to the estate for the same time period.
 {¶ 8} Appellant timely appealed the probate court's decision, bringing one assignment of error for our review:
 THE PROBATE COURT ERRED IN NOT FINDING THAT PAYMENTS MADE BY APPELLANT ON A JOINT MORTGAGE OBLIGATION WITH THE DECEDENT, WHERE APPELLANT AND THE DECEDENT WERE EQUALLY AND JOINTLY LIABLE, CONSTITUTED AN EQUITABLE LIEN ON THE DECEDENT'S HALF INTEREST IN THE PROCEEDS OF THE SALE OF THE REAL PROPERTY OWNED BY THEM AS TENANTS IN COMMON AND SECURED BY THE MORTGAGE.
 {¶ 9} Appellant does not take issue per se with the probate court's differentiation between pre-death and post-death mortgage payments. Rather, appellant seeks an equitable remedy and contends that both the pre-death and post-death mortgage payments constitute an equitable lien on the proceeds from the sale of the condominium. Such remedies are rarely asserted as a matter of law or a matter of right, but are left to the sound discretion of the trial court. See, generally, State of OhioCounty of Summit Blue View Corp. v. Rhynes, Summit App. No. 23034,2006-Ohio-4084; Stavick v. Coyne, Mahoning App. No. 02 CA 24,2003-Ohio-6999; Philabaun v. Ashley, Portage App. No. 2001-P-0107, 2002-Ohio-6938; McCarthy v. Lippitt (2002), 150 Ohio App.3d 367;Fifth Third Bank v. Simpson (1999), 134 Ohio App.3d 71. The denial of equitable relief is reviewed for abuse of the trial court's discretion.Sandusky Properties v. Aveni (1984), 15 Ohio St.3d 273, 274-275. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 10} Under the facts of this case, we do not find that the probate court abused its discretion in refusing to find that the pre-death mortgage payments made by appellant constitute an equitable lien on the proceeds from the sale of the condominium. In the absence of a showing of an intention to create it, an equitable lien will not arise in favor of one who advances money to pay the purchase price of realty.Croston v. Croston (1969), 18 Ohio App.2d 159. An equitable lien arises either from an express agreement, or from implication by a court of equity upon consideration of right and justice as applied to the relations of the parties and the circumstances of their dealings.Katz v. Banning (1992), 84 Ohio App.3d 543, 551, citing Syring v.Sartorious (1971), 28 Ohio App.2d 308, 311. See, also, Donahue v.Miller, Madison App. No. CA2005-02-007, 2005-Ohio-7034 at ¶ 12, citingKatz. However, whether express or implied, an equitable lien requires (1) a debt, duty, or obligation; (2) an identifiable res; and (3) an intent, express or implied, that the property serve as security for the payment of the debt or obligation. Donahue at ¶ 13, citing Koon v.Clapp (Nov. 2, 1990), Portage App. No. 89-P-2101.
 {¶ 11} While appellant provided copies of checks from his checking account showing that he made the pre-death mortgage payments, there was testimony from the administrator regarding decedent's continuance to pay utility bills and/or other monthly expenses throughout the time of her hospitalization. After reviewing the evidence, the probate court concluded that it was nearly impossible to determine whether or not the pre-death mortgage payments were made solely from appellant's income, were made pursuant to an agreement between the parties, were a gift to decedent, or were made in part from decedent's income.
 {¶ 12} Upon review of the evidence, we find no abuse of discretion on behalf of the probate court, and no basis for the imposition of an equitable lien. Though scant in quantity, the probate court was presented with conflicting evidence. Contrary to appellant's suggestion that the probate court merely speculates rather than relIES on evidence, it would appear from the record that speculation is what the probate court was trying to avoid. Conflicting evidence was submitted by the parties, and after reviewing such evidence the probate court found it was not possible to determine what arrangement existed between the parties. Therefore, rather than speculate, the probate court found that appellant could not substantiate his claim for the pre-death mortgage payments. In the absence of evidence to support it, there is no abuse of discretion of the probate court for failing to find the existence of an equitable lien. Further, we agree with the probate court's determination that even though appellant has no claim against the estate for the pre-death mortgage payments, because the administrator did not reject, but accepted such claim as a class-9 creditor claim, there is no reason not to defer to the administrator's classification.
 {¶ 13} With respect to the post-death mortgage payments, while they clearly constitute a class-1 claim as a cost and expense of administration, again there is no evidence to support the imposition of an equitable lien against the proceeds of the sale of the condominium to satisfy the claim. Thus, we find no abuse of discretion in the probate court's denial to impose an equitable lien. After finding the post-death mortgage payments constitute a class-1 claim, the probate court went on to examine what claims the estate may have against appellant to "assure an equitable conclusion to this matter." (July 10, 2006 Entry at 4.) Upon such examination, the probate court concluded that because appellant consumed the estate's undivided one-half interest in the real estate for an entire year free of charge, and the fair market value of one-half rent for a similar condominium would be greater than or equal to the amount of the post-death mortgage payments made by appellant, appellant's claim for post-death mortgage payments was offset by the equitable rent owed to the estate. Despite appellant's arguments that again the probate court relies merely on speculation to arrive at its conclusion, after review of the record, we cannot conclude that the probate court's actions constitute an abuse of discretion. The probate court's entry reflects that it reviewed the evidence, and provides an explanation for how it arrived at the above-described offset. In light of the record before us, there is no suggestion that the probate court's attitude was unreasonable, arbitrary or unconscionable. For this reason, we find no reason to disturb the judgment of the probate court.
 {¶ 14} For the foregoing reasons, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas, Probate Division is hereby affirmed.
Judgment affirmed.
BROWN and FRENCH, JJ., concur.